UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 4:09-CV-879 (CEJ) |
| ) | |
| ONE 2007 CHRYSLER 300M, ) | |
| VIN 2C3LA43R97H646644, ) | |
| with all appurtenances and ) | |
| attachments thereon, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motions of plaintiff United States for summary judgment.[1] Third-party defendant Raza Kazami has asserted a claim of interest in the defendant property, but has not responded to the motions. For the following reasons, the motions for summary judgment will be granted.

I.  **Background**

The undisputed evidence submitted by the government establishes that claimant Kazami utilized the defendant vehicle to travel to and from several meetings with a confidential informant for the purpose of negotiating the sale of two kilograms of cocaine. On January 27, 2009, Kazami and the informant consummated the sale. Two kilograms of cocaine were seized by law enforcement agents and Kazami was arrested. The defendant vehicle was located nearby and was seized for forfeiture. During a search of the vehicle, the agents found a soda can with a hidden compartment and a digital scale, items associated with illegal drug trafficking.

On February 26, 2009, Kazami and other individuals were indicted for conspiring to distribute and to possess with intent to distribute cocaine, in violation of Title 21,

---

[1]Claimant Wachovia Dealer Services, with whom the United States has entered into a settlement agreement, joins in the motions.

U.S.C. § 846. On March 4, 2009, Kazami was arraigned and entered a plea of not guilty. While the criminal case was pending, Kazami was released on bond. The conditions of his release required him to reside with his family in Fenton, Missouri and to report regularly to the Pretrial Services Office. After Kazami failed to abide by these conditions, bond revocation proceedings were initiated and a warrant was issued for his arrest. Kazami did not appear for trial, and his attorney reported that he was unable to locate him. Law enforcement agents later received a report that Kazami had crossed the border into Mexico in July 2009.

II. Legal Standard

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In ruling on a motion for summary judgment, the court is required to view the facts in the light most favorable to the non-moving party and must give that party the benefit of all reasonable inferences to be drawn from the underlying facts. AgriStor Leasing v. Farrow, 826 F.2d 732, 734 (8th Cir. 1987). The moving party bears the burden of showing both the absence of a genuine issue of material fact and its entitlement to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986); Fed.R.Civ.P. 56(c). Once the moving party has met its burden, the non-moving party may not rest on the allegations of his pleadings but must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists. Fed.R.Civ.P. 56(e). Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a

party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Citrate, 477 U.S. 317, 322 (1986).

III. Discussion

A. Forfeiture of Defendant Property

The government asserts that the defendant property "facilitated" Kazami's drug trafficking and is therefore subject to forfeiture. The Eighth Circuit explains that "[a] civil forfeiture action is an *in rem* proceeding brought by the government as plaintiff against defendant property asserting that '[a]ll right, title, and interest in [the defendant] property' has vested in 'the United States upon commission of the act giving rise to the forfeiture." United States v. Dodge Caravan SE/Sport Van, 387 F.3d 758, 760 (8th Cir. 2004) (citing 18 U.S.C. § 981(f)). "Section 881(a)(4) of the Controlled Substance Act authorizes the forfeiture of '[a]ll conveyances, including aircraft, vehicles, or vessels, which are used, or are intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession or concealment' of narcotics." Dodge Caravan, 387 F.3d at 760-61 (citing 21. U.S.C. § 881(a)(4) (emphasis added)).

"It is well-established that[,] in a civil forfeiture proceeding pursuant to 21 U.S.C. § 881[,] the government has the initial burden of showing that there is probable cause to believe that the [defendant] property seized is linked to the illegal activity." United States v. One Parcel of Real Property, 2401 S. Claremont, Independence, MO., 724 F.Supp. 670, 671 (W.D. Mo. 1989) (citing United States v. U.S. Currency $31,828, 760 F.2d 228, 230 (8th Cir. 1985)). "Once the government shows that probable cause exists, the burden shifts to the claimant to demonstrate by a preponderance of the evidence that the [defendant] property is not subject to forfeiture, or that a defense

to forfeiture applies." Once Blue 1977 AMC Jeep CJ-5 v. United States, 783 F.2d 759, 761 (8th Cir. 1986).

In this case, the government has met its initial burden. As set forth above, the evidence establishes that Kazami used the defendant vehicle to travel to and from meetings at which a cocaine deal was negotiated. Additionally, drug paraphernalia was found in the vehicle. Thus, the government's evidence establishes probable cause to believe that a substantial connection existed between the defendant property and Kazami's illegal drug activities. The burden now shifts to Kazami to show that the defendant property is not subject to forfeiture or that an exception applies. Because Kazami filed no response to the instant motion, he has failed to carry his burden.

B.     The Fugitive Disentitlement Doctrine

The government also asserts that Kazami is precluded from challenging the forfeiture of the defendant property under the fugitive disentitlement doctrine, codified at 28 U.S.C. § 2466. The statute provides, in relevant part:

> (a) A judicial officer may disallow a person from using the resources of the courts of the United States in furtherance of a claim in any related civil forfeiture action or a claim in third party proceedings in any related criminal forfeiture action upon a finding that such person—-
>
>> (1) after notice or knowledge of the fact that a warrant or process has been issued for his apprehension, in order to avoid criminal prosecution--
>>
>>> (A) purposely leaves the jurisdiction of the United States;
>>>
>>> (B) declines to enter or reenter the United States to submit to its jurisdiction; or
>>>
>>> (C) otherwise evades jurisdiction of the court in which a criminal case is pending against the person; and
>>
>> (2) is not confined or held in custody in any other jurisdiction for commission of criminal conduct in that jurisdiction.

28 U.S.C. § 2466.

Here, the government's evidence and the Court's records establish that Kazami had notice of the criminal proceedings, that he failed to appear for trial, and that his whereabouts were unknown to his attorney and to the Pretrial Service Office. Additionally, Kazami was reportedly seen leaving the United States in July 2009. There is no evidence that Kazami is confined or being held in custody in another jurisdiction for criminal conduct. Therefore, the Court concludes that § 2466 precludes Kazami from challenging the forfeiture of the defendant property.

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the motions of plaintiff United States for summary judgment [Doc. Nos. 17 and 20] are **granted**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 17th day of September, 2010.